UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JOSE L. CRESPO,

     Plaintiff,

v.                          Case No. 8:23-cv-01159-NHA

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## **ORDER**

I grant Plaintiff's Unopposed Motion for Attorney's Fees, brought pursuant to the Equal Access to Justice Act ("EAJA"), (Doc. 18), and award Plaintiff $6,877.50 in attorney's fees.

On February 20, 2024, the Court entered an order reversing and remanding the Commissioner's decision against Plaintiff, pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 16. The Clerk then entered judgment in Plaintiff's favor. Doc. 17. Plaintiff now requests an award of $6,877.50 in attorney's fees. Doc. 18.

For Plaintiff to be entitled to fees under the EAJA, five conditions must be met: (1) Plaintiff must timely file an application for attorney's fees;

(2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990). Defendant bears the burden of demonstrating both that its position was substantially justified and that special circumstances would make the award unjust. *United States v. Aisenberg*, 358 F.3d 1327, 1339 n. 18 (11th Cir. 2004).

Here, Plaintiff timely filed his application for EAJA fees on March 27, 2024, which was within 30 days of the date the judgment became final.[1] Docs. 17, 18. Plaintiff alleges he had a net worth of less than $2 million at the time his Complaint was filed. Doc. 18 at pp. 2-3. Plaintiff was the prevailing party in this action. Doc. 17; *see also* 28 U.S.C. § 2412(d)(1)(A); *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party). Further, Plaintiff contends that Defendant's position was not substantially justified, and that no special circumstances would make an award of attorney's fees and costs unjust

---

[1] The judgment becomes final after the 60-day appeal window closes; thus, the plaintiff in a social security case has 90 days after the judgment to move for fees. See 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); FED. R. APP. P. 4(a)(1)(B).

in this instance. *See* 28 U.S.C. § 2412(d)(1)(A). Defendant does not challenge these contentions. Indeed, Defendant does not oppose this motion. Doc. 18, p. 1.

The amount to be awarded in EAJA fees is decided under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992).

Plaintiff seeks an attorney's fee award of $6,877.50. This amount is based on Plaintiff's attorneys expending 32.75 hours on the case at an hourly rate of $210.00. Doc. 18, p. 1. I find the fee request to be reasonable given the Defendant's lack of objection, the hours reasonably associated with Plaintiff's attorney's efforts to prosecute the case,[2] and the fair hourly rate. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (stating that "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotation omitted).

---

[2] Plaintiff's attorney filed a Complaint (Doc. 1), reviewed the 966-page record (Doc. 6), and submitted an 18-page brief (Doc. 13).

If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees (Doc. 18-2) and pay the fees and costs directly to Plaintiff's counsel. See *Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (discussing the government's practice to make direct payment of fees to attorneys only in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney").

Accordingly:

1.     Plaintiff's unopposed Motion for Attorney's Fees Pursuant to the EAJA (Doc. 18) is GRANTED.

2.     Plaintiff is awarded $6,877.50 in attorney's fees.

3.     The Clerk is directed to enter an amended judgment accordingly.

ORDERED on March 28, 2024.


NATALIE HIRT ADAMS
United States Magistrate Judge

4